LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Kaveh Navab, Esq. (Bar No. 280235)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Law Office of Peter Goldstein
Peter Goldstein, Esq. (Bar No. 123111)
400 Corporate Pointe, Suite 300
Culver City, Ca. 90230
Telephone: (310) 552-2050
Fax: (888) 400-8799

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JUAN HERRERA,

    Plaintiff,

vs.

CITY OF LOS ANGELES; ANTHONY LOPEZ; SCOTT COOK; and DOES 1-10, inclusive,

    Defendants.

Case No.: CV13-8831 ABC (ASx)

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Denial of Medical Care (42 U.S.C. § 1983)
4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
5. False Arrest/False Imprisonment
6. Battery
7. Negligence
8. Intentional Infliction of Emotional Distress

**DEMAND FOR JURY TRIAL**

-1-

COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

Plaintiff JUAN HERRERA, for his complaint against Defendants CITY OF LOS ANGELES, ANTHONY LOPEZ, SCOTT COOK and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer involved shooting of Plaintiff JUAN HERRERA by the Defendants ANTHONY LOPEZ and SCOTT COOK.

## PARTIES

2. At all relevant times, JUAN HERRERA ("PLAINTIFF") was an individual residing in Los Angeles County, California.

3. At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4, who were CITY Police officers, DOES 5-6, who were CITY police officers supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, ANTHONY LOPEZ, SCOTT COOK and DOES 1-10 were residents of Los Angeles County, California. ANTHONY LOPEZ, SCOTT COOK and DOES 1-10 are sued in their individual capacity for damages only.

4. At all relevant times, Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

5. At all relevant times, Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

6. In doing the acts and failing and omitting to act as hereinafter described, Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

7. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

8. The true names of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sues these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

9. On May 7, 2013, PLAINTIFF filed comprehensive and timely claims for damages with CITY pursuant to applicable sections of the California Government Code.

10. On June 5, 2013 CITY rejected said claims by formal notice.

**JURISDICTION AND VENUE**

11. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Los Angeles County, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

14. On or about December 29, 2012, PLAINTIFF was near 8616 Willis Ave. in the Panorama City area of Los Angeles, California.

15. PLAINTIFF was visiting family at a nearby apartment complex, who were mourning the recent passing of a family member.

16. On information and belief, PLAINTIFF had not committed any crime. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4, who were CITY police officers, had neither reasonable suspicion to detain PLAINTIFF, nor probable cause to arrest him.

17. Near 8616 Willis Ave. in the Panorama City area of Los Angeles, California, ANTHONY LOPEZ and SCOTT COOK discharged their firearms at PLAINTIFF, without warning, striking him in the back, causing PLAINTIFF serious physical injury, including permanent paralysis.

18. At the time of the shooting, PLAINTIFF was moving (or walking or running) away from ANTHONY LOPEZ and SCOTT COOK when he was shot in the back.

19. At the time of the shooting, PLAINTIFF was unarmed and at no time during the incident did he verbally threaten or attempt to punch, kick, or grab ANTHONY LOPEZ, SCOTT COOK or any other person.

20. At the time of the shooting, PLAINTIFF posed no imminent threat of death or serious physical injury to ANTHONY LOPEZ, SCOTT COOK or any other person, especially since he was unarmed and moving away from ANTHONY LOPEZ and SCOTT COOK when he was shot in the back. Further, there were several alternative means of responding to the situation.

21. On information and belief, ANTHONY LOPEZ and SCOTT COOK, although having actual and constructive notice and knowledge of PLAINTIFF's serious medical conditions, especially since they had just shot PLAINTIFF, disregarded his medical needs. As a direct result of ANTHONY LOPEZ and SCOTT COOK use of force against PLAINTIFF and then failing to obtain appropriate medical care for him, he experienced severe pain and suffering, resulting in permanent paralysis.

22. On information and belief, ANTHONY LOPEZ and SCOTT COOK had no information that PLAINTIFF had committed a felony.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4)

23. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 caused PLAINTIFF to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25. As a result of the conduct of ANTHONY LOPEZ, SCOTT COOK and DOES 1-4, they are liable for PLAINTIFF's injuries, either because they were an integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

26. PLAINTIFF was detained without reasonable suspicion and arrested without probable cause.

27. The conduct of ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—
### Excessive Force (42 U.S.C. § 1983)

(ANTHONY LOPEZ, SCOTT COOK and DOES 1-4)

28. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as is fully set forth herein.

29. ANTHONY LOPEZ and SCOTT COOK's unjustified shooting deprived PLAINTIFF of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30. The unreasonable use of force by Defendants ANTHONY LOPEZ and SCOTT COOK deprived the PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. As a result, PLAINTIFF suffered serious physical and emotional injuries, including, but not limited to, permanent paralysis.

32. PLAINTIFF was not armed and at no time during the incident did he verbally threaten or attempt to punch, kick, or grab Defendants ANTHONY LOPEZ and SCOTT COOK or any other person.

33. The conduct of ANTHONY LOPEZ and SCOTT COOK was willful, wanton, malicious and done with a reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages against them.

34. Accordingly, ANTHONY LOPEZ and SCOTT COOK each are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

**Denial of Medical Care in Violation of the Fourth and Fourteenth Amendments**

**(42 U.S.C. § 1983)**

(Against Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4)

35. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. The Fourth Amendment to the U.S. Constitution, which is applied to state actors by the Fourteenth Amendment, guarantees all individuals the right to be free from unreasonable searches and seizure and from excessive force by law enforcement. The Fourth Amendment also requires the provision of medical care to persons who have been injured while being apprehended by law enforcement. The due process clause of the Fourteenth Amendment also guarantees pretrial detainees protection from deliberate indifference to their serious medical needs. A private right of action is afforded to individuals seeking redress for denial of medical care in violation of the Fourth and Fourteenth Amendment by 42 U.S.C. § 1983.

37. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 used excessive force against PLAINTIFF in the course of unlawfully detaining him, including but not limited to, shooting him in the back.

38. PLAINTIFF was not armed and at no time during the incident did he verbally threaten or attempt to punch, kick, or grab Defendants ANTHONY LOPEZ, SCOTT COOK, DOES 1-4 or any other person.

39. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 did not timely provide needed medical care and did not timely summon medical assistance for PLAINTIFF. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 had actual and constructive notice and knowledge of PLAINTIFF's serious medical condition, his injuries or a risk of serious harm, especially since they just shot him in the back, but purposefully disregarded his serious medical needs.

40. As a result of the conduct of ANTHONY LOPEZ, SCOTT COOK and DOES 1-4, they are liable for PLAINTIFF's injuries, either because they were integral participants in the denial of appropriate medical care, or because they failed to intervene to prevent these violations.

41. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 acted with deliberate indifference and with purpose to harm PLAINTIFF that is unrelated to any legitimate law enforcement objective.

42. The unjustified and excessive use of force against PLAINTIFF and the wrongful denial of medical care by Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures and against excessive force as guaranteed to PLAINTIFF under the Fourth Amendment. By their unjustified and excessive use of force against PLAINTIFF and the wrongful denial of medical care to PLAINTIFF, Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 also deprived PLAINTIFF of the right to medical care afforded to persons who have been injured while being apprehended by law enforcement and the protection from deliberate indifference to the serious medical needs of pretrial detainees – both of which are guaranteed by the Fourteenth Amendment.

43. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm.

44. The conduct of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
(Against Defendants ANTHONY LOPEZ, SCOTT COOK, DOES 5-10 and CITY)

45. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46. On information and belief Defendants ANTHONY LOPEZ and SCOTT COOK's use of force against PLAINTIFF, who was unarmed and moving away from ANTHONY LOPEZ and SCOTT COOK at the time he was shot in the back, was found to be within CITY Police Department policy.

47. On information and belief Defendants ANTHONY LOPEZ and SCOTT COOK's use of force against PLAINTIFF, who was unarmed and moving away from ANTHONY LOPEZ and SCOTT COOK at the time he was shot in the back, was ratified by CITY Police Department supervisorial officers.

48. On information and belief Defendants ANTHONY LOPEZ and SCOTT COOK were not disciplined for the use of force used against PLAINTIFF, who was unarmed and moving away from ANTHONY LOPEZ and SCOTT COOK at the time he was shot in the back.

49. On and for some time prior to December 29, 2012 (and continuing to the present date) Defendants DOES 5-10, deprived PLAINTIFF of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including ANTHONY LOPEZ and SCOTT COOK, who Defendants DOES 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department's policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including ANTHONY LOPEZ and SCOTT COOK, who Defendants CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants ANTHONY LOPEZ and SCOTT COOK, who are police officers of CITY;

  (d) By failing to discipline CITY police officers' conduct, including but not limited to, unlawful detention and excessive force;

  (e) By ratifying the intentional misconduct of Defendants ANTHONY LOPEZ and SCOTT COOK and other police officers, who are police officers of CITY;

  (f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 5-10, were done with a deliberate indifference to individuals' safety and rights; and

  (g) By failing to properly investigate claims of unlawful detention and excessive force by CITY police officers.

50. By reason of the aforementioned policies and practices of Defendants DOES 5-10, PLAINTIFF was severely injured and subjected to pain and suffering.

51. Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

52. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard for the well-being of PLAINTIFF, and his constitutional rights. Defendants DOES 5-10, each of their actions were willful,

wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

53. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

54. Accordingly, Defendants DOES 5-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (Cal. Govt. Code § 820)**

(Against Defendants ANTHONY LOPEZ, SCOTT COOK, DOES 1-4 and CITY)

55. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 detained PLAINTIFF without reasonable suspicion and arrested him without probable cause.

57. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally deprived PLAINTIFF of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 also arrested PLAINTIFF without an arrest warrant.

58. PLAINTIFF did not knowingly or voluntarily consent.

59. PLAINTIFF was caused to suffer severe emotional distress, severe pain and suffering, mental anguish, humiliation, and false arrest.

60. The conduct of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 was a substantial factor in causing the harm of PLAINTIFF.

61. The CITY is vicariously liable for the wrongful acts of Defendants ANTHONY LOPEZ, SCOTT COOK and Does 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

62. The conduct of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820)

(Against Defendants ANTHONY LOPEZ, SCOTT COOK, DOES 1-4 and CITY)

63. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used unreasonable force against PLAINTIFF, including but not limited to, shooting him in the back. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 had no legal justification for using force against PLAINTIFF and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force.

65. As a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFF was caused to suffer severe pain and suffering. PLAINTIFF suffers from permanent paralysis as a result of this use of unreasonable force. PLAINTIFF also suffered humiliation, fear and degradation. PLAINTIFF is

claiming compensation for medical expenses, past and future pain, suffering, and emotional distress.

66. CITY is vicariously liable for the wrongful acts of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. The conduct of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820)

### (Against All Defendants)

68. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against PLAINTIFF;

(b) the negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against PLAINTIFF;

(d) the failure to provide prompt medical care to PLAINTIFF;

     (e)    the failure to properly train and supervise employees, both professional and non-professional, including ANTHONY LOPEZ and SCOTT COOK;

     (f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF;

     (g)    the negligent handling of evidence and witnesses.

70. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering.

71. CITY is vicariously liable for the wrongful acts of ANTHONY LOPEZ, SCOTT COOK and DOE OFFICERS pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## EIGHTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820)**

(Against Defendants ANTHONY LOPEZ, SCOTT COOK, DOES 1-4 and CITY)

72. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4, while working as police officers for the CITY police department, and acting within the course and scope of their duties, engaged in conduct that was outrageous, including but not limited to:

     (a)    Using excessive force, including deadly force, against PLAINTIFF, who was not armed, was moving away from the

officers, was not facing the officers, posed no safety threat, and had not committed any crime;

    (b)    Failing to summon timely medical assistance for PLAINTIFF;

    (c)    Ignoring or concealing evidence of the unjustified use of force and taking steps to cover-up the wrongful conduct; and

    (d)    Shooting PLAINITFF in the back.

74. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 abused a position of authority over PLAINTIFF, and knew that their conduct would likely result in harm due to mental distress.

75. Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 intended to cause PLAINTIFF severe emotional distress, or acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress.

76. PLAINTIFF suffered severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, worry, shock, humiliation, depression and shame.

77. The conduct of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 was a substantial factor in causing the severe emotional distress of PLAINTIFF.

78. CITY is vicariously liable for the wrongful acts of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79. The conduct of Defendants ANTHONY LOPEZ, SCOTT COOK and DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Los Angeles, Anthony Lopez, Scott Cook and Does 1-10, inclusive, as follows:

- A. For compensatory damages under federal and state law, in the amount to be proven at trial;
- B. Medical Expenses/Loss of Earnings
- C. For punitive damages against the individual defendants in an amount to be proven at trial;
- D. For interest;
- E. For reasonable costs of this suit and attorneys' fees; and
- F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: November 25, 2013       LAW OFFICES OF DALE K. GALIPO

By_____
Dale K. Galipo
Kaveh Navab
Attorneys for Plaintiff

-17-

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: 11/25/2013

LAW OFFICES OF DALE K. GALIPO

By: _____
Dale K. Galipo
Kaveh Navab
Attorneys for Plaintiff